IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN MAYO MENDOZA,

**Plaintiff**

v.

COMMONWEALTH, et al.,

**Defendant(s)**

CIVIL NO. 09-2225 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 Complaint. (Docket No. 12). For the reasons set forth, the Court **GRANTS** Defendants' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 8, 2009 Plaintiff Juan L. Mayo Mendoza ("Mayo") filed a 42 U.S.C. § 1983 complaint for violation of his Civil Rights, seeking money damages and injunctive relief against the Commonwealth of Puerto Rico ("Commonwealth"), Carlos Molina, Secretary of Corrections ("Sec. Molina"), and Gloria Ortiz, President of the Parole Board ("Ortiz")(Docket No. 4).

Plaintiff Mayo is a prisoner under the custody of the Department of Corrections and Rehabilitation of Puerto Rico, serving out his sentence at Phase III of the Ponce Correctional Facility. In what is presumably a complaint for a due process violation, Plaintiff Mayo essentially contends that he was deprived

of a hearing before the Parole Board scheduled for September 9, 2009. According to the complaint, Defendants canceled Mayo's hearing because they failed to notify the victim of Mayo's crime of his right to attend the hearing, as required by Section 8.2 (C) of the Parole Board Rules. Mayo admits that there is a grievance procedure within the prison, but that it does not entertain claims regarding the Parole Board. Mayo has nonetheless brought his claims to the attention of prison officials.

**STANDARD OF REVIEW**

Motion to Dismiss Standard of Review

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). While Twombly does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief

above the speculative level." Id. at 555.

In Ashcroft v. Iqbal , --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal , 129 S.Ct. at 1949-50.

The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes , 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly , 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly , 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id.

4

(quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly , 550 U.S. at 567).

**DISCUSSION**

Eleventh Amendment

The Eleventh Amendment "prohibit[s federal courts] from hearing most suits brought against a state by citizens of that or any other state." Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). "[D]espite the absence of any express reference," the Eleventh Amendment "pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991).

"[T]he government enjoys broad protection through the operation of the sovereign immunity doctrine." Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005). Often, a suit against a state official is considered a suit against the state, which triggers Eleventh Amendment immunity. Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 24 (1st Cir. 2007). Consequently, when Plaintiff brings a suit against a Puerto Rico state official in his personal capacity rather than against the Commonwealth of Puerto Rico itself, the Court must ascertain whether the suit in reality is a suit against the Commonwealth of Puerto Rico. Muirhead v. Mecham, 427 F.3d 14,

5

18 (1st Cir. 2005).

This analysis examines the conduct challenged and the relief sought. Id. When the actions of an officer do not conflict with the terms of his valid statutory authority, they are considered actions of the sovereign, which are protected by the Eleventh Amendment.[1] Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 695 (1949). Furthermore, when the relief sought "would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act" the suit will be considered one against the sovereign. Dugan v. Rank, 372 U.S. 609, 620 (1963)(citations omitted).

The Eleventh Amendment does not apply in a suit against an officer to recover damages for the agent's personal actions, because the judgment sought will not require action by the sovereign or disturb the sovereign's property. Larson, 337 U.S. at 687.[2] As such, the sovereign immunity doctrine does not bar personal-capacity suits against state officials because "it is clear that a suit against a government official in his or her

---

[1] The doctrine of sovereign immunity does not apply when an officer's power is limited by statute and his actions go beyond those limitations. Id. at 689; see also Muirhead, 427 F.3d at 19.

[2] "If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign." Larson, 337 U.S. at 689.

6

personal capacity cannot lead to imposition of fee liability upon the governmental entity." Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, a citizen may seek monetary damages against a state officer for acts done under color of law, but only if the officer is sued in his or her individual capacity. Id.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Id. at 165. "[T]o establish personal liability in a section 1983 action it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166.

Plaintiff's claims against the Commonwealth cannot stand in the face of the Eleventh Amendment; Federal Courts are barred from hearing claims against a State which has not consented to suit. Metcalf, 991 F.2d at 938. The Eleventh Amendment also defeats Plaintiff's claim for money damages against the individual Defendants. These claims would require an expenditure from the State; a direct payment of monies from the public treasury is also barred by the Eleventh Amendment. Dugan, 372 U.S. at 620. Thus, all claims against the Commonwealth and all monetary claims against the individual defendants are hereby dismissed.

Regarding Plaintiff's claim for injunctive relief against Sec. Molina, though it may survive the Eleventh Amendment, Moya fails to meet the pleading standard required of all Plaintiffs by Iqbal and

Twombley. Moya has asserted no facts that implicate Sec. Molina in any way. In fact, the only mention of Sec. Molina in the entire pleading is in the case caption. Accordingly, Plaintiff's claims for injunctive relief against Sec. Molina are hereby dismissed.

Plaintiff's claim for injunctive relief against Ortiz however, requires further discussion.

Prisoner Litigation Reform Act

The Prisoner Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by the prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997 (e).

Exhaustion is mandatory, Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), and "has a decidedly procedural emphasis," Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). That is, what must be exhausted is the process, not the form of relief. Id. "All 'available' remedies must [] be exhausted; those remedies need not meet federal standards; nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). A prisoner must exhaust administrative remedies before

8

a complaint under § 1983 will be entertained even where the relief sought cannot be granted by the administrative process. Booth v. Churner, 532 U.S. at 734.

To properly exhaust administrative remedies, a prisoner must complete the prison grievance procedures. Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

Moya admits in his complaint that there is an administrative procedure in place to entertain prisoners' claims at the Ponce Correctional Facility. However, he has not made use of this administrative relief valve due to the fact that it does not entertain claims regarding Parole Board proceedings. Despite there being no formal grievance procedure available to entertain Mayo's claim, Mayo voiced his claims with prison officials after his hearing for September 9, 2009 was cancelled. Therefore, however unsophisticated, there seems to be some way for Mayo to express and resolve his issues within the prison.

Though we do not dispute Mayo's allegations, we lack enough facts to determine wether Mayo has fully complied with PLRA. Even if we indulge in the inference that Mayo has indeed complied with PLRA by making known his concerns to prison officials, his complaint fails under Iqbal and Twombley nonetheless. Mayo only informs us of his canceled hearing and the fact that he denounced

the cancellation to prison authorities. What became of Plaintiff's charge? Did prison authorities ignore Mayo? Did they not address his claim? Mayo does not tell us.

In sum, Plaintiff needs to show that he has met the PLRA threshold by showing that he has exhausted any and all remedies available within the prison, no matter how unsophisticated the procedures may be, Porter, 534 U.S. at 524. As mentioned, he complained of his grievance to prison officials, but that is all we know. Mayo must also show that after every attempt to comply with all PLRA requirements, his claim survives unattended. Ortiz, as President of the Parole Board, is the ranking official of the instrumentality and may well be amenable to suit if indeed Mayo is being deprived of his due process rights. But the story Mayo has told so far, is not one that can withstand a motion to dismiss. What has been alleged is a one time cancellation of a hearing, which without more, is only part of a complaint. The facts that Mayo has so far alleged, do not provide this Court with grounds upon which relief can be granted.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss. Plaintiff's claims are dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of October, 2010.

10

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge